**AMERICAN PROTECTION INSURANCE COMPANY,**
Plaintiff,

v.

**MGM GRAND HOTEL—LAS VEGAS, INC., Defendant.**

**MGM GRAND HOTEL—LAS VEGAS, INC., a Nevada corporation, Plaintiff/Appellee/Cross-Appellant/Petitioner,**

v.

**INSURANCE COMPANY OF NORTH AMERICA,**
Defendant/Appellant/Cross-Appellee/Respondent,

and

**Cozen, Begier & O'Connor,**
Appellant/Appellee/Respondent.

Nos. 83–2674, 83–2728.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1984.

Decided July 11, 1985.

* Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by

Geoffrey C. Hazard, Jr., New Haven, Conn., Steven Morris, Charles H. McCrea, Jr., M. Kristina Pickering, Lionel, Sawyer & Collins, Las Vegas, Nev., for MGM Grand Hotel.

Rex Jemison, Beckley, Singleton, DeLanoy & Jemison, Las Vegas, Nev., for Insurance Co. of North America.

Before FAIRCHILD,* FLETCHER and CANBY, Circuit Judges.

## ORDER

The Insurance Company of North America (INA) and the law firm of Cozen, Begier & O'Connor appeal from the district court's order disqualifying the Cozen firm from participation in the case as INA's Counsel. MGM Grand Hotel cross-appeals and in the alternative petitions for a writ of mandamus concerning the same disqualification designation.

order. Because the order disqualifying counsel is not a collateral order subject to immediate appeal as a final judgment under 28 U.S.C. § 1291 we lack jurisdiction to entertain these appeals. *Richardson-Merrell Inc. v. Koller,* —— U.S. ——, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). Moreover, in light of *Koller's* statement that the injury to the client far outweighs the attorney's interest in vindication, and because we do not find sufficient circumstances warranting the grant of such an extraordinary writ, we deny MGM's alternate petition for a writ of mandamus. *See Unified Sewerage Agency, etc. v. Jelco, Inc.,* 646 F.2d 1339 (9th Cir.1981). Our opinion dated December 3, 1984 is hereby withdrawn and the appeals DISMISSED.